**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Ashley Olivia, et al.**, | ) |
| | )     **CASE NO. 1:19 CV 1701** |
| | ) |
|                     **Plantiffs,** | )     **JUDGE PATRICIA A. GAUGHAN** |
| | ) |
|            **Vs.** | ) |
| | ) |
| | ) |
| **Airbus Americas, Inc., et al.**, | )     **Memorandum of Opinion and Order** |
| | ) |
|                     **Defendants.** | ) |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion to Remand with Request for Attorney Fees and Expenses (Doc. 26). This action arises from injuries plaintiff Ashley Olivia sustained while an airline passenger. For the reasons that follow, this motion is DENIED.

**FACTS**

Plaintiffs, Ashley, Vickie, and John Olivia, brought this lawsuit in the Cuyahoga County Common Pleas Court against defendants Spirit Airlines, Spirit Airlines, Inc., and ten unnamed John Doe defendants. The complaint alleged negligence in connection with injuries Ashley

1

Olivia sustained during a Spirit Airlines flight. On June 20, 2019, plaintiffs filed a first amended complaint, adding Airbus Americas, Inc. ("AAI"), Airbus, Lufthansa Technik Puerto Rico, LLC, Lufthansa Technik, Lufthansa Technik, AG, Lufthansa Group, HAECO Americas, HAECO Group, Hong Kong Aircraft Engineering Company, Ltd., Hong Kong Aircraft Engineering Company America, Ltd., and Jason Sheppard as defendants. On June 26, 2019, plaintiffs filed a second amended complaint, adding Brice Manufacturing Company, Inc. as a defendant. Thereafter, on July 25, 2019, AAI removed this matter to federal court on the basis of diversity jurisdiction.

The second amended complaint ("Complaint") alleges the following in relevant part. On June 26, 2017, Ashley Olivia was a passenger on a Spirit Airlines flight scheduled to depart from Las Vegas, Nevada to Ohio. Upon boarding, Ms. Olivia sat in the middle section of the plane in an aisle seat. Spirit Airlines flight attendants moved defendant Sheppard from the front section of the plane to the seat directly in front of Ms. Olivia. Approximately 10-15 minutes after the plane began to move towards the runway for takeoff, Sheppard's seat broke and collapsed, crushing Ms. Olivia's left foot and toes. The airplane subsequently returned to the boarding area and Ms. Olivia was taken via ambulance to a local hospital for treatment. Ms. Olivia returned to Cleveland, Ohio the following day. Ms. Olivia's parents, Vickie and John Olivia, traveled from Florida to Ohio to assist and care for their daughter following her injuries.

The Complaint contains five claims for relief. Counts One through Four are asserted by plaintiff Ashley Olivia. Count One is a claim for negligence and is asserted against all defendants. Counts Two, Three, and Four are claims for statutory products liability, breach of warranty, and supplier liability, respectively. These claims are asserted against all defendants

2

except Spirit Airlines, Inc. and Sheppard. Count Five is asserted by plaintiffs Vickie and John Olivia and is a claim for loss of consortium. It appears that Count Five is asserted against all defendants.

In the notice of removal, defendants assert that plaintiffs Vickie and John Olivia and defendant Sheppard were fraudulently joined in order to defeat diversity jurisdiction. Plaintiffs move to remand this action to state court on the grounds no diversity of citizenship exists. AAI opposes the motion.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496-497 (6th Cir. 1999) ("In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory . . . "). The determination of federal jurisdiction in a diversity case is made as of the time of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. *Id.* at 453-54.

However, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne,* 183 F.3d at 493. The party seeking removal bears the burden of establishing diversity jurisdiction. To establish fraudulent joinder, the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* The relevant inquiry is whether there is a "colorable basis for predicting that a plaintiff may recover against [a defendant]." *Id*. Any doubt

3

as to whether removal is proper must be resolved in favor of remand. *Id.*

**ANALYSIS**

I. **Diversity Jurisdiction**

A. **Florida Plaintiffs**

Plaintiffs Vickie and John Olivia ("Florida Plaintiffs") have brought loss of consortium claims against all defendants, asserting they "have been deprived of the aide, comfort, support, and society of their daughter." They further allege they have lost income, incurred travel costs, and provided home health care services for their daughter as a result of defendants' negligence.

Plaintiffs move to remand this matter to state court on the ground that Florida Plaintiffs and defendant Spirit Airlines, Inc. are Florida citizens, thus defeating diversity jurisdiction. Plaintiffs argue that remand is required because a loss of consortium claim brought by parents of adult children is viable under Ohio law. AAI disputes that Ohio would recognize such a claim. In addition, AAI maintains that Florida law applies, which does not recognize loss of consortium claims brought by parents of adult children. AAI contends that, because no such claim exists under Florida law, Florida Plaintiffs were fraudulently joined. Thus, the Court finds a choice of law analysis is necessary in order to determine whether Florida Plaintiffs' citizenship should be considered in evaluating whether diversity jurisdiction exists.

"A federal court exercising diversity jurisdiction applies the choice of law rules of the state in which it sits." *Standard Fire Ins. Co. v. Ford Motor Co.,* 723 F.3d 690, 692 (6th Cir. 2013). In Ohio, courts have adopted the two-step approach contained in the Restatement (Second) of Conflict of Laws. *Premium Freight Management, LLC v. PM Engineered Solutions, Inc.,* 906 F.3d 403, 406 (6th Cir. 2018). The first step is to determine whether there is an actual

4

conflict between the laws of the states involved. *Id.* at 406-407. If such a conflict exists, courts will "apply the law of the state with the most significant contacts to the dispute." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 230 n. 3 (6th Cir. 1997). *See also Newberry v. Silverman*, 789 F.3d 636, 643 (6th Cir. 2015). Factors a court considers in making this determination include (1) the place of injury; (2) the location where the conduct causing the injury took place; (3) the place of business of the parties; (4) the place where the relationship between the parties is centered; and (5) any factors under section six that may be deemed relevant to the action. *Premium Freight Management*, 906 F.3d at 407 (citing *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 289 (Ohio 1984)).

As to the first step in the analysis, the Court finds that a conflict exists between the laws of Florida and Ohio.[1] Florida has unequivocally prohibited the particular type of loss of consortium claim Florida Plaintiffs have brought against the defendants. *Cruz v. Broward County School Bd.*, 800 So.2d 213, 217 (2001)("[I]n Florida, a parent is not entitled to any claim for damages when an adult child incurs personal injuries due to the tortious conduct of another."). In contrast, while the Supreme Court of Ohio has not ruled as to whether this type of claim exists, some Ohio appellate courts have recognized loss of consortium claims brought by parents of adult children, while others have not. *See Moroney v. State Farm Mut. Auto Ins. Co.*,

---

[1] Both parties initially conceded Nevada, the state in which Florida Plaintiffs' daughter sustained her foot injury, has little interest in the loss of consortium claim. However, plaintiffs, in their reply brief, now suggest that Nevada may recognize adult-child consortium claims. However, Nevada has no connection or interest with respect to Florida Plaintiffs' loss of consortium claims. Neither Florida Plaintiff resides, works, or traveled to Nevada as a result of their daughter's injuries. The Court finds that Nevada law does not apply to Florida Plaintiffs' claims.

2002-Ohio-3829, ¶¶5-10 (Ohio Ct. App. June 25, 2002) (finding parents cannot claim loss of consortium for injuries to an adult child); *Brady v. Miller,* 2003-Ohio-4582, ¶19 (Ohio Ct. App. Aug. 29, 2003) (finding parents could maintain a loss-of consortium claim in connection with the medical malpractice performed on their adult child). Accordingly, a conflict exists between the laws of Florida and Ohio, and the Court must proceed to engage in a choice of law analysis.

Upon review of the relevant factors, the Court concludes that Florida law applies to Florida Plaintiffs' claims. While their daughter's physical injury occurred in Nevada, Florida Plaintiffs' injuries occurred in Florida. Indeed, within the Complaint, Florida Plaintiffs assert lost wages and travel expenses, which would be felt by them in their domicile of Florida. Florida Plaintiffs concede they have lived in Florida for decades and were married and raised their daughter in Florida. Conversely, the relationship of the loss of consortium claim to Ohio is tenuous at best. Florida Plaintiffs do not reside or work in Ohio. At most, the connection to Ohio is that Florida Plaintiffs traveled to Ohio for a total of 11 days to care for their daughter. Florida Plaintiffs argue that the "months following" their daughter's injury "were the most stressful and difficult" because "of the obvious pain [their] daughter was suffering." However, since they only traveled to Ohio for 11 days, the bulk of these stressful and difficult months transpired when they were residing in Florida. Accordingly, the impact of their injuries, particularly their purported financial losses, would be felt in Florida.

Florida Plaintiffs maintain that, since their daughter lives and works in Ohio, flew out of Ohio, bought her plane ticket in Ohio, and received medical treatment in Ohio, it is Ohio law which should apply. However, while the daughter's domicile and her other various connections to Ohio are relevant considerations with respect to *her* claims, they have little to do with Florida

6

Plaintiffs' loss of consortium claim. *See Chartis v. Speciality Ins. Co. v. Lubrizol Corp.*, 2013 WL 12130642, *9 (N.D. Ohio Mar. 29, 2013)("Ohio courts tend to evaluate choice of law questions on an issue-by-issue basis. For example, Ohio follows the doctrine of dépeçage, which allows for the application of different states' laws to different claims."); *Bramberger v. Toledo Hosp.*, 897 F.Supp.2d 587, 597 (N.D. Ohio Sept. 24, 2012); *In re E.I. du Pont de Nemours and Company C-8 Personal Injury Litigation*, 316 F.Supp.3d 1021, 1035 (S.D. Ohio May 20, 2015)(applying West Virginia law to the claims of plaintiffs injured in West Virginia and Ohio law to claims of those injured in Ohio); *C.B. Fleet Co., Inc. v. Colony Specialty Ins. Co.*, 2013 WL 1908098, *6 (N.D. Ohio May 7, 2013); *Taglieri v. Monasky*, 2018 WL 7575036, *4 (N.D. Ohio Jan. 10, 2018)(applying Italian law to some claims, Ohio law to others under Ohio's choice of law analysis).

In sum, Florida law applies to Florida Plaintiffs' loss of consortium claim. Because Florida law does not recognize such a claim, the Court finds that Florida Plaintiffs were fraudulently joined and their citizenship will not be considered for purposes of determining jurisdiction. *See Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 432–33 (6th Cir.2012) (finding fraudulent joinder occurs when "it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law")(internal quotation and citation omitted).

### B. <u>Ohio Defendant</u>

Plaintiff Ashley Olivia ("Ohio Plaintiff") has brought a negligence claim against Jason Sheppard, the individual whose airplane seat broke and fell onto her foot. Plaintiffs move to remand this matter to state court on the ground that Ohio Plaintiff and Sheppard are both Ohio

citizens, thus defeating diversity jurisdiction.

AAI argues that Sheppard was fraudulently joined, as the allegations against Sheppard "cannot possibly support a claim for negligence." Ohio Plaintiff disputes this, asserting Sheppard failed to comply with the flight attendant's directive to sit in a different seat than the seat that ultimately collapsed. She contends Sheppard "must share the blame for [her] crushed foot because of his failure to sit where he was directed."

"When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). If the complaint establishes a "colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the action must be remanded to state court. *Coyne*, 183 F.3d at 493. When evaluating the viability of a plaintiff's claims, a court must "resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party." *Id.* The Sixth Circuit has instructed district courts considering motions to remand based upon fraudulent joinder to apply "a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias*, 695 F.3d at 433. Plaintiff's motive is immaterial to the fraudulent joinder determination. *Jerome-Duncan, Inc. v. Auto-By-Tel*, LLC, 176 F.3d 904, 907 (6th Cir. 1999).

In the Complaint, Ohio Plaintiff makes the following allegations with respect to Sheppard:

- On or about June 26, 2017, Plaintiff Ashley Olivia (hereinafter "Olivia"), boarded a Spirit Airlines flight at McClarran Airport in Las Vegas, Nevada scheduled to depart to Ohio. Olivia was seated in the middle area of the plane in an aisle seat with her seatbelt

8

- fastened. There was no one seated in front of Plaintiff.

- At that time the Spirit Airlines flight attendants moved an unknown man from the front area of the plane to a seat directly in front of the Plaintiff. The unknown man was very large and took up more than one seat in the row in front of Plaintiff. Based upon information and belief, the unknown man has been identified as Jason Sheppard of Columbus, Ohio.

- Approximately ten (10) to fifteen (15) minutes after the plane began to move toward the runway to prepare for take-off, the seat in front of Olivia in which the man was seated suddenly broke and collapsed backward, crushing Plaintiff's left foot and toes. Plaintiff, Ashley Olivia, was in severe pain and her left foot was bleeding. Plaintiff was wearing open-toed sandals at the time of the incident.

- Based upon information and belief, Defendant Jason Sheppard was negligent in his failure to follow Defendant Spirit Airlines' employees' directions and/or instructions regarding seating.

Upon review, the Court finds that the Complaint does not state a colorable negligence claim against Sheppard. Accepting all the allegations as true, the Complaint establishes that Spirit Airlines employees moved Sheppard to the seat directly in front of Ohio Plaintiff. The seat subsequently collapsed. While the Complaint alleges Sheppard was negligent in his failure to follow directions regarding seating, it is not clear what directives he ignored, as the Complaint specifically states that it was Spirit Airlines employees, not Sheppard, who moved him to the faulty seat. Even under the lenient standard applied to fraudulent joinder analysis, the Court is unable to discern a colorable claim for negligence as to Sheppard.

Ohio Plaintiff now argues Sheppard did not sit where he was directed. The Complaint, however, plainly alleges Spirit Airlines employees instructed Sheppard to sit in the purportedly defective seat. The Court simply cannot consider a statement contained in a brief that is in direct contradiction to the specific factual allegations made in the Complaint. *See Jones v. Knox*

9

*Exploration Corp,* 2 F.3d 181, 182 (6th Cir. 1993)(finding federal jurisdiction ordinarily depends on the facts as they exist at the time of removal).

Moreover, the Complaint does not assert factual allegations to sufficiently state a negligence claim under Nevada or Ohio[2] law. Under Ohio law, the elements a plaintiff must plead to state a cause of action for negligence are (1) existence of a duty; (2) a breach of that duty; and (3) an injury which was proximately caused by the breach. *Rieger v. Giant Eagle,* 2019-Ohio-3745, ¶10 (Ohio 2019). Similarly, under Nevada law, a plaintiff must show (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777 (Nevada 2012).

As an initial matter, the Complaint does not specifically assert what duty Sheppard owed Ohio Plaintiff. Assuming, *arguendo*,[3] Sheppard owed Ohio Plaintiff a duty of care as a fellow airline passenger, Ohio Plaintiff has not alleged either a breach of that duty or proximate cause. While the Complaint alleges Sheppard was "negligent in his failure to follow" the airline attendants' instructions regarding seating, the Complaint does not explain what directives Sheppard failed to follow or how the failure to follow these instructions resulted in her injuries. There is nothing contained in the Complaint that would put Sheppard on notice that he breached

---

[2] As Ohio Plaintiff's claim against Sheppard fails under both Nevada and Ohio law, the Court declines to conduct a choice of law analysis.

[3] AAI argues Sheppard did not owe a duty of care to Ohio Plaintiff, thus foreclosing a negligence claim between the parties under these circumstances. The Court need not determine whether or not liability can be extended to Sheppard because the Complaint, standing alone, does not allege enough to establish a claim for negligence.

any type of duty, as the Complaint expressly asserts he sat where the Spirit Airlines employees had told him to sit. Ohio Plaintiff now argues that had Sheppard "complied in this case, the foot-crush injury would have been completely avoided." However, the Complaint does not link Sheppard's non-compliance to Ohio Plaintiff's injuries. In sum, the Complaint is devoid of allegations that can be fairly read as establishing a duty, breach, and causation. Accordingly, there is no colorable cause of action against Sheppard for negligence.

The Court finds that Sheppard was fraudulently joined and his citizenship is immaterial to the determination of diversity jurisdiction. As all other named defendants are completely diverse from the Ohio plaintiff,[4] the Court has jurisdiction over this matter.

## II. **Unanimous Consent**

Plaintiffs further argue that remand to state court is required because all defendants did not sign the removal petition or separately file written consent of removal to this Court. Additionally, plaintiffs assert that "there is no indication anywhere in the record [Sheppard] consented to the removal of this action." According to AAI, the separate written consent of all the co-defendants is not necessary and the consent of Sheppard is not required for proper removal.

As an initial matter, the Court finds that the consent of Sheppard was not necessary or required for proper removal. The consent of fraudulently joined parties is not required for removal. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015).

With respect to the consent contained in the removal notice, Title 28 U.S.C. § 1446 provides that, when a civil action is removed from state court, "all defendants who have been

---

[4] As discussed *supra*, the Florida Plaintiffs' citizenship is immaterial to determining diversity jurisdiction.

11

properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). In interpreting this statutory language, the Sixth Circuit has adopted the "rule of unanimity," meaning that all defendants in an action must join in the removal petition or file their consent to removal, "in writing," within 30 days of receipt of a summons when the complaint demonstrates that the case is one that may be removed. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

In *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004), the Sixth Circuit explicitly held that a removing defendant's statement that the other defendants had consented to the removal, even though the other defendants did not directly express this consent, satisfied the "rule of unanimity." *Harper*, 392 F.3d at 201-202. Indeed, courts throughout the Sixth Circuit have allowed for an attorney for one defendant to "sign the notice of removal and certify that the remaining defendants consented to the removal." *Ruff v. Bakery, Confectionary, Tobacco Workers & Grain Millers & Industry Intern.*, 2015 WL 586112, *3 (S.D. Ohio Feb. 11, 2015). *See also City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 815 (N.D. Ohio 2008) (finding that "*Harper* stands for the proposition that a party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court[ ]"); *Cadez v. Residential Credit Solutions, Inc.*, 2013 WL 2238486, *3 (E.D. Mich. May 21, 2013). Therefore, plaintiffs' argument to the contrary is rejected.[5]

Accordingly, all properly joined and served defendants have consented to the removal of

---

[5] Plaintiffs do not dispute that a number of the named defendants are not legal entities. Nor do plaintiffs point to any proper legal entity that did not consent to removal.

this action.  The Court DENIES this portion of plaintiffs' motion.

**CONCLUSION**

For the foregoing reasons, the plaintiffs' Motion to Remand with Request for Attorney Fees and Expenses is DENIED.  In addition, this Court dismisses Vickie and John Olivia's claims and dismisses Jason Sheppard from the action.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge
                                      Chief Judge

Dated: 10/22/19