# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Ashley Olivia, et al., ) | CASE NO. 1:19 CV 1701 |
| ) | |
| Plaintiffs, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | |
| Airbus Americas, Inc., et al., ) | |
| ) | **Memorandum of Opinion and Order** |
| Defendants. ) | |

## INTRODUCTION

This matter is before the Court upon (1) Defendant Airbus Americas, Inc.'s Motion to Dismiss (Doc. 7), (2) Defendant Lufthansa Technik Puerto Rico, LLC's Motion to Dismiss (Doc. 24), and (3) Defendant Brice Manufacturing Company, Inc.'s Motion to Dismiss (Doc. 25). This action arises from injuries plaintiff Ashley Olivia sustained while an airline passenger. For the reasons that follow, the Court GRANTS all three motions.

## FACTS

Plaintiffs, Ashley, Vickie, and John Olivia, brought this lawsuit in the Cuyahoga County Common Pleas Court against defendants Spirit Airlines, Spirit Airlines, Inc. (collectively "Spirit

1

Airlines"), and ten unnamed John Doe defendants. The complaint alleged negligence in connection with injuries Ashley Olivia sustained during a Spirit Airlines flight. On June 20, 2019, plaintiffs filed a first amended complaint, adding Airbus Americas, Inc. ("AAI"); Airbus; Lufthansa Technik Puerto Rico, LLC ("Lufthansa PR"); Lufthansa Technik; Lufthansa Technik, AG; Lufthansa Group; HAECO Americas; HAECO Group; Hong Kong Aircraft Engineering Company, Ltd.; Hong Kong Aircraft Engineering Company America, Ltd.; and Jason Sheppard[1] as defendants. On June 26, 2019, plaintiffs filed a second amended complaint ("Complaint"), adding Brice Manufacturing Company, Inc. ("Brice") as a defendant. Thereafter, on July 25, 2019, AAI removed this matter to federal court on the basis of diversity jurisdiction.

For purposes of ruling on the pending motion, the facts asserted in the Complaint are presumed to be true.

On June 26, 2017, Ashley Olivia was a passenger on a Spirit Airlines flight scheduled to depart from Las Vegas, Nevada to Ohio. Upon boarding, Ms. Olivia sat in the middle section of the plane in an aisle seat. Spirit Airlines flight attendants moved defendant Sheppard from the front section of the plane to the seat directly in front of Ms. Olivia. Approximately 10-15 minutes after the plane began to move towards the runway for takeoff, Sheppard's seat broke and collapsed, crushing Ms. Olivia's left foot and toes. The airplane subsequently returned to the boarding area and Ms. Olivia was taken via ambulance to a local hospital for treatment. Ms. Olivia returned to Cleveland, Ohio the following day.

The Complaint contains five claims for relief, though only four remain pending. This

---

[1] By Memorandum of Opinion and Order, this Court dismissed Jason Sheppard from the action.

2

Court previously dismissed Count Five, Vickie and John Olivia's loss of consortium claim. Counts One through Four are asserted by plaintiff Ashley Olivia. Count One is a claim for negligence and is asserted against all defendants. Counts Two, Three, and Four are claims for statutory products liability, breach of warranty, and supplier liability, respectively. These claims are asserted against all defendants except Spirit Airlines.

This matter is now before the Court upon the Motions to Dismiss of defendants AAI, Lufthansa PR, and Brice. The moving defendants all seek dismissal on the basis of lack of personal jurisdiction and failure to state a claim. Plaintiff opposes these Motions.

The Court will address the issue of jurisdiction first because in the absence thereof, dismissal of these defendants is appropriate.

**STANDARD OF REVIEW**

The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). When a defendant has filed "a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When evaluating a motion to dismiss for lack of personal jurisdiction, a court has three options: "it may decide the motion upon the affidavits alone; it may permit discovery[2] in aid of deciding the motion; or it may conduct an

---

[2] Plaintiffs assert this Court has personal jurisdiction over AAI, Lufthansa PR, and Brice. In the alternative, plaintiffs request jurisdictional discovery with respect to these defendants. In support of this request, plaintiffs assert, without more, that AAI and Lufthansa PR have "been maintaining physical and financial contacts in this jurisdiction for decades." Plaintiffs also note the location of the seat

evidentiary hearing to resolve any apparent factual questions." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen*, 935 F.2d at 1458).

If a court chooses to rule on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff "need only make a *prima facie* showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th Cir. 2002)). The plaintiff can make this *prima facie* showing by "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp*., 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). This burden is "relatively slight." *Carrier Corp*, 673 F.3d at 449. Moreover, the court must "construe the facts in the light most favorable to the nonmoving party" and "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp*., 282 F.3d 883, 887 (6th Cir. 2002). Indeed, "because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a *prima facie* case for jurisdiction. *Carrier Corp*, 673 F.3d at 449 (internal quotations and citations omitted).

---

inspections, installation, and construction has not yet been determined. The decision to grant jurisdictional discovery before ruling on an 12(b)(2) motion is discretionary. *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 434 (6th Cir. 2006). Where, as here, a plaintiff "offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying discovery." *Swagelok Co. v. Dansk Ventil & Fittings Aps*, 2006 WL 8454625, *1 (N.D. Ohio Mar. 9, 2006) (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc*., 334 F.3d 390, 402 (4th Cir. 2003)). *See also Chrysler Corp. v. Fedders Corp*., 643 F.2d 1229, 139 (6th Cir. 1981) (affirming district court's order denying leave to conduct jurisdictional discovery where "there [was] no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction"). Accordingly, this request is denied.

**ANALYSIS**

In diversity cases, a federal court has personal jurisdiction over a defendant if jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp.*, 282 F.3d at 888 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)). The Sixth Circuit has determined that "Ohio's long-arm statute is not coterminous with federal constitutional limits," and has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Bird,* 289 F.3d at 871 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Because Ohio's long-arm statute does not reach the full limits of the federal constitution, a finding that Ohio's long-arm statute allows for jurisdiction does not foreclose the need for Due Process Clause analysis. *See Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006); *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) ("Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.").

There are two forms of personal jurisdiction to be considered under Due Process analysis: general and specific. General jurisdiction is found when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). The Supreme Court has found that general jurisdiction only occurs in a limited set of circumstances, holding the

5

"paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). The Supreme Court has explained that the benefit of looking to the place of incorporation and principal place of business is that "each ordinarily indicates only one place" and is "easily ascertainable." *Id.* at 137. Indeed, for a court to find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal place of business is the "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 139 n.19).

Specific jurisdiction turns on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984)). To establish specific jurisdiction over a defendant, a court must find "(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (internal quotations and citations omitted).

The Court will consider each moving defendants' arguments regarding general and specific jurisdiction separately, below.

**I.** **AAI**

Plaintiff asserts negligence, statutory products liability, breach of warranty, and supplier liability claims against defendant AAI. According to AAI, the allegations contained in the Complaint are insufficient to establish either general or specific jurisdiction over AAI.

According to plaintiffs, they have met their *prima facie* burden in establishing personal jurisdiction over AAI.

Upon review, the Court finds plaintiff has not established a *prima facie* case of general jurisdiction over AAI. Within the Complaint, plaintiff lists AAI's domicile as Virginia and allege that AAI is "recognized under the laws of the State of Ohio." Plaintiff alleges no facts, however, suggesting that AAI's principal place of business or state of incorporation is in Ohio. Nor does plaintiff allege that AAI has such substantial operations in Ohio to render the company "essentially at home" in Ohio. Thus, this is not one of the "exceptional cases" in which a court would find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal place of business. *See BNSF Ry. Co.*, 137 S.Ct. at 1558; *Daimler*, 571 U.S. at 139 n.19.

Plaintiff argues "the general jurisdictional contacts are overwhelming" because "thousands of Ohio residents travel out of and into this state on Airbus planes every day."[3] Plaintiff observes that Spirit Airlines' entire fleet is comprised of Airbus planes and Airbus is one of the world's largest airplane manufacturers and the second largest aerospace company doing business in the United States. However, plaintiff does not allege that AAI actually sells, imports, or distributes its airplanes in Ohio. Rather, plaintiff focuses on AAI's interactions with

---

[3] Plaintiff also argues that the "notion that a defendant can only be sued in its state of incorporation or principal place of business is simply unworkable." However, plaintiffs appear to be conflating specific and general jurisdiction. The Supreme Court has not held that the only place in which a corporate defendant can be sued is in its state of incorporation or principal place of business. Rather, relevant Supreme Court precedent has held that *general* jurisdiction cannot usually be exerted over a corporate defendant in a forum other than the state of incorporation or principal place of business. *See Daimler AG*, 571 U.S. at 137; *BNSF Ry. Co.*, 137 S.Ct. at 1558.

the United States as a whole and the choice of Spirit Airlines, a Florida-based corporation,[4] to use AAI aircraft. The fact that AAI may have a "national presence in the United States in a generic sense does not show that it is subject to general jurisdiction in Ohio." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 363 (6th Cir. 2008).

Accordingly, because plaintiff does not allege any facts that suggest AAI has such substantial operations in Ohio to render AAI essentially at home in this state, general jurisdiction is lacking.

The Court also finds that plaintiff has failed to establish a *prima facie* case of specific jurisdiction over AAI. As set forth above, specific jurisdiction requires that a defendant purposefully avail itself of the privilege of acting in the forum and that the cause of action be related to the defendant's activities within the forum. *Schneider*, 669 F.3d at 701. In the Complaint, plaintiff allegees in a conclusory fashion that each defendant "transacted business, entered into contractual relations to supply services or goods, caused tortious injury, and otherwise established minimum contacts in the State of Ohio as defined" by Ohio's long-arm statute. However, these bare legal conclusions, which have no supporting factual basis, do not link AAI's purported activities in Ohio to the plaintiff's causes of action. *See Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 507-508 (6th Cir. 2014) ("[T]he plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state."); *Maxitrate Tratamento Termico E Controles v. Super Systems, Inc*, 617 F. App'x 406, 408 (6th Cir. 2015) ("Specific jurisdiction, on the other hand, allows a plaintiff to sue a defendant only on

---

[4] While plaintiff lists Spirit Airlines as being located in Ohio in the Complaint, she concedes in her Motion to Remand that Spirit Airlines actually maintains its principal place of business in Florida.

8

claims that arise out of the defendant's activities in the forum state.").

Indeed, the Complaint is devoid of any facts indicating that AAI directed any activity towards Ohio that was related to the plaintiff's claims. At best, plaintiff alleges she is an Ohio resident who sustained a foot injury in an Airbus plane in Nevada and received medical treatment for her injuries in Ohio. These alleged facts do not establish that AAI purposefully availed itself of the privilege of acting in Ohio or that the claims arose from AAI's contacts with Ohio. Rather, these allegations center on plaintiff's connections to Ohio. This cannot serve as a basis for specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("But the plaintiff cannot be the only link between the defendant and the forum."). *See also Vargo v. D & M Tours, Inc.*, 2019 WL 2009278, at *5 (N.D. Ohio May 7, 2019) (finding no specific jurisdiction where the defendants' only connection to Ohio was that they were involved in a motor vehicle accident in Pennsylvania with an Ohio resident who obtained medical treatment in Ohio).

Plaintiff further maintains that specific jurisdiction exists because her travel arrangements were made in Ohio and the Spirit Airlines flight upon which she was injured was destined for Ohio. However, AAI did not make plaintiff's travel arrangements, nor did AAI schedule the flight from Nevada to Ohio. In order for specific jurisdiction to exist over AAI, it is AAI, "not the plaintiff and third parties, who must create contacts with the forum state." *Walden,* 571 U.S. at 291. While Spirit Airlines may have purchased the aircraft from AAI, AAI's relationship with Spirit Airlines "standing alone, is an insufficient basis for jurisdiction." *Id*. at 286.

Plaintiffs also note "[h]undreds (if not thousands) of commercial Airbus planes are stored in hangers and regularly depart from and return to airports in all of Ohio's major cities." They

9

then argue that "courts[5] have recognized that furnishing products to consumers in Ohio is sufficient to both confer long-arm jurisdiction and satisfy due process concerns." It appears plaintiffs are relying on a stream of commerce theory to establish that AAI purposefully availed itself of jurisdiction in Ohio.

Pursuant to Supreme Court precedent, "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). Since *World-Wide Volkswagen*, the Sixth Circuit has adopted a "stream of commerce 'plus' approach," under which "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir.2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*,[6] 480 U.S. 102 (1987) (O'Connor, J.)

---

[5] Plaintiff cites a handful of state appellate court cases to support this argument. However, not only do many of these cases predate the Sixth Circuit's *Bridgeport* decision, *infra,* the decisions of state appellate courts are not binding precedent upon this Court.

[6] In *Asahi*, four justices endorsed the "stream of commerce plus" approach and four justices endorsed the "stream of commerce" approach, under which "jurisdiction premised on the placement of product into the stream of commerce is consistent with the Due Process Clause." 480 U.S. at 117. Subsequent to *Asahi*, the Sixth Circuit adopted the more stringent "stream of commerce plus" approach. *Bridgeport*, 327 F.3d at 479–80. The Supreme Court issued another plurality opinion on this issue in *J. McIntyre Mach. v. Nicastro*, 564 U.S. 873, 881(2011), which noted a defendant's "transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."

10

(plurality op.)). *See also Parker v. Winwood*, 938 F.3d 833, 840-841 (6th Cir. 2019) ("for a defendant to purposely avail himself of the privilege of acting within a forum state, he must do more than merely place a product into the stream of commerce").

Here, plaintiff fails to allege that AAI did anything more than place its aircraft into the stream of commerce. Plaintiff does not provide any facts to show that AAI markets, advertises, or sells its products in Ohio. Nor does plaintiff allege that AAI sold its aircraft to Florida-based Spirit Airlines in Ohio. This Court cannot find purposeful availment when the only allegations are that AAI sold its aircraft to Spirit Airlines and such aircraft reached Ohio. *See Bridgeport*, 327 F.3d at 480 (finding no purposeful availment where a defendant sold its product through a distributor and was "merely aware that [its] distributor was likely to market the product in all fifty states"). As such, specific jurisdiction is lacking.

Accordingly, because neither general nor specific jurisdiction exists over AAI, its motion to dismiss must be granted. Having found no personal jurisdiction, the Court will not address whether plaintiffs have failed to state a claim against AAI.

## II. **Lufthansa PR and Brice**

Plaintiff broadly alleges that Lufthansa PR is involved in the "manufacturing, marketing, distributing, sale, retail, renting, maintaining, repairing and overhauling of passenger seats located in commercial aircraft, including the Airbus A320 family." Plaintiff similarly alleges that Brice "operates a company in the manufacturing, marketing, distributing, selling, retail, renting and/or repairing of commercial aircraft, including the aircraft involved in the incident." In response to the motions to dismiss, plaintiff argues that specific personal jurisdiction exists over both of these defendants. It does not appear that plaintiff alleges that general jurisdiction

exists.

Upon review, the Court finds that it lacks both general and specific personal jurisdiction over Lufthansa PR and Brice. As to general jurisdiction, the Complaint lists Lufthansa PR's domicile as Puerto Rico and Brice's domicile as California. The Complaint does not contain any allegations that either of these defendants' principal place of business or state of incorporation is in Ohio. Nor does it contain any factual allegations that either of these defendants have substantial operations in Ohio, making them "at home" in this forum. For the same reasons set forth above, these minimal allegations are not enough to establish a *prima facie* case of general jurisdiction.

The Court also finds that plaintiff fails to establish a *prima facie* case of specific jurisdiction over either Lufthansa PR or Brice.[7] As discussed *supra*, plaintiff generically alleges that each defendant "transacted business, entered into contractual relations to supply services or goods, caused tortious injury, and otherwise established minimum contacts in the state of Ohio as defined" by Ohio's long-arm statute. Plaintiff's arguments for specific jurisdiction again center on her and Spirit Airlines' connections to Ohio, as well as the suggestion that allowing a product, such an airline seat, to enter the stream of commerce establishes specific jurisdiction. For the same reasons set forth above, these arguments are rejected. In order to establish specific jurisdiction, a defendant's forum related activities must be linked to the plaintiff's injuries. The Complaint is completely devoid of any facts that indicate Lufthansa PR or Brice directed any activity toward Ohio related to plaintiff's cause of action.

---

[7] Brice, in support of their motion to dismiss, attached an affidavit from Brice's chief financial officer, attesting to Brice's lack of activities in Ohio. The Court did not consider this affidavit. Rather, the Court held plaintiff to her minimal *prima facie* burden.

12

Plaintiff does, however, point out that preliminary discovery revealed Lufthansa PR inspected the airline seat in question and Brice "designed, constructed, and potentially installed" the seat. Plaintiffs note that the location of these activities has not yet been determined, but observed that the seat was "destined for Ohio." The Complaint, however, contains no allegations that such activities occurred in Ohio or that the defective seat was ever physically in Ohio at all. Plaintiff's conjecture in the brief in opposition is not enough to establish a *prima facie* case of specific jurisdiction. Indeed, because the Complaint contains no factual allegations that any of the alleged wrongful conduct at issue in this case is related to any activity Lufthansa PR or Brice may have taken in Ohio, plaintiff fails to satisfy the burden of establishing that specific jurisdiction exists.

Finally, Brice argues that this Court does not have personal jurisdiction under Ohio's long-arm statute.[8] Because this Court finds that the plaintiff fails to satisfy the *prima facie* burden of demonstrating jurisdiction is proper under the Due Process clause, the Court need not analyze whether jurisdiction is proper under Ohio's long-arm statute. *Conn*, 667 F.3d at 711–12

---

[8] Plaintiff argues that there is jurisdiction over all the moving defendants under Ohio's long-arm statute. In their reply briefs, AAI and Lufthansa PR respond to this argument, maintaining that there is no Ohio long-arm jurisdiction. Plaintiff contends that AAI's and Lufthansa PR's failure to initially argue there is no Ohio long-arm jurisdiction is a concession that "sufficient contacts exist with Ohio to satisfy the requirements for long-arm jurisdiction" under the statute. Plaintiff asserts that because AAI and Lufthansa PR have conceded to jurisdiction under Ohio's long-arm statute, "the requirements of Due Process are no longer an issue." The Court rejects this argument. As discussed *supra*, the requirements for jurisdiction under the Due Process clause are not coterminous with the requirements set forth in Ohio's long-arm statute. Thus, even if AAI's and Lufthansa PR's decision not to raise arguments under the Ohio long-arm statute could somehow be construed as a concession to jurisdiction under those provisions, because the requirements of Due Process are not met, this Court cannot exercise personal jurisdiction.

("Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa.") *See also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721, 724 (6th Cir. 2000) (dismissing for lack of personal jurisdiction solely on Due Process grounds).

Accordingly, because neither general nor specific jurisdiction exists over Lufthansa PR or Brice, the motions to dismiss must be granted.[9] Having found no personal jurisdiction, the Court need not address Lufthansa PR's and Brice's arguments under Rule 12(b)(6).

**CONCLUSION**

For the foregoing reasons, AAI's, Lufthansa PR's, and Brice's Motions to Dismiss (Docs. 7, 24, 25) are GRANTED. Accordingly, these defendants are dismissed from this action.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/14/19

---

[9] Plaintiff also asks for an opportunity to amend the Complaint. The Court notes the pleading amendment deadline is not until March 25, 2020.

14