# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Ashley Olivia, *et al.*, | CASE NO. 1:19 CV 1701 |
| Plaintiffs, | JUDGE PATRICIA A. GAUGHAN |
| Vs. | |
| Airbus Americas, Inc., *et al.*, | **Memorandum of Opinion and Order** |
| Defendants. | |

**INTRODUCTION**

This matter is before the Court upon defendant HAECO Americas, LLC's Motion to Dismiss (Doc. 55) and (2) plaintiff's Alternative Motion for Extension of Time to Conduct Discovery (Doc. 57). This action arises from injuries plaintiff Ashley Olivia sustained while an airline passenger. For the reasons that follow, the Court GRANTS defendant's Motion to Dismiss and DENIES plaintiff's request for an extension of discovery.

**FACTS**

Plaintiffs Ashley, Vickie, and John Olivia brought this lawsuit in the Cuyahoga County Common Pleas Court against defendants Spirit Airlines, Spirit Airlines, Inc. (collectively "Spirit

Airlines"), and ten unnamed John Doe defendants. The complaint alleged negligence in connection with injuries Ashley Olivia sustained during a Spirit Airlines flight. On June 20, 2019, plaintiffs filed a first amended complaint, adding Airbus Americas, Inc. ("AAI"); Airbus; Lufthansa Technik Puerto Rico, LLC ("Lufthansa PR"); Lufthansa Technik; Lufthansa Technik, AG; Lufthansa Group; HAECO Americas;[1] HAECO Group; Hong Kong Aircraft Engineering Company, Ltd.; Hong Kong Aircraft Engineering Company America, Ltd.; and Jason Sheppard as defendants. On June 26, 2019, plaintiffs filed a second amended complaint ("Complaint"), adding Brice Manufacturing Company, Inc. ("Brice") as a defendant.[2] Thereafter, on July 25, 2019, AAI removed this matter to federal court on the basis of diversity jurisdiction.

For purposes of ruling on the pending motion, the facts asserted in the Complaint are presumed to be true.

On June 26, 2017, Ashley Olivia was a passenger on a Spirit Airlines flight scheduled to depart from Las Vegas, Nevada to Ohio. Upon boarding, Ms. Olivia sat in the middle section of the plane in an aisle seat. Spirit Airlines flight attendants moved a passenger from the front section of the plane to the seat directly in front of Ms. Olivia. Approximately 10-15 minutes after the plane began to move towards the runway for takeoff, the passenger's seat broke and collapsed, crushing Ms. Olivia's left foot and toes. The airplane subsequently returned to the

---

[1] Defendant HAECO Americas, LLC asserts it was improperly sued as HAECO Americas. Plaintiff does not dispute that the legally recognized entity name is HAECO Americas, LLC. However, plaintiff has asserted that "discovery will be necessary to identify the HAECO entities that are indeed legally responsible for designing and manufacturing the airline seat at issue, which may well prove to be either HAECO Americas, LLC or HAECO Cabin Solutions," a non-party.

[2] By Memorandum of Opinion and Order, this Court dismissed Jason Sheppard, AAI, Lufthansa PR, and Brice from the action.

2

boarding area and Ms. Olivia was taken via ambulance to a local hospital for treatment. Ms. Olivia returned to Cleveland, Ohio the following day.

The Complaint contains five claims for relief, though only four remain pending. Counts one through four are asserted by plaintiff Ashley Olivia. Count One is a claim for negligence and is asserted against all defendants. Counts two, three, and four are claims for statutory products liability, breach of warranty, and supplier liability, respectively. These claims are asserted against all defendants except Spirit Airlines.

This matter is now before the Court upon the Motion to Dismiss of defendant HAECO Americas, LLC ("HAECO Americas"). HAECO Americas seeks dismissal on the basis of lack of personal jurisdiction. Plaintiff opposes the motion and, alternatively, requests additional discovery in order to properly respond to defendants' motion.

**STANDARD OF REVIEW**

The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). When a defendant has filed "a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When evaluating a motion to dismiss for lack of personal jurisdiction, a court has three options: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen*, 935 F.2d at 1458).

3

If a court chooses to rule on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff "need only make a *prima facie* showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th Cir. 2002)). The plaintiff can make this *prima facie* showing by "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp*., 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). This burden is "relatively slight." *Carrier Corp*, 673 F.3d at 449. Moreover, the court must "construe the facts in the light most favorable to the nonmoving party" and "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp*., 282 F.3d 883, 887 (6th Cir. 2002). Indeed, "because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a *prima facie* case for jurisdiction. *Carrier Corp*, 673 F.3d at 449 (internal quotations and citations omitted).

In diversity cases, a federal court has personal jurisdiction over a defendant if jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp.*, 282 F.3d at 888 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)). The Sixth Circuit has determined that "Ohio's long-arm statute is not coterminous with federal constitutional limits," and has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Bird,* 289 F.3d at 871 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Because Ohio's long-arm statute does not reach the full limits of the federal

constitution, a finding that Ohio's long-arm statute allows for jurisdiction does not foreclose the need for Due Process Clause analysis. *See Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006); *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) ("Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.").

There are two forms of personal jurisdiction to be considered under Due Process analysis: general and specific. General jurisdiction is found when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). The Supreme Court has found that general jurisdiction only occurs in a limited set of circumstances and the "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). The Supreme Court has explained that the benefit of looking to the place of incorporation and principal place of business is that "each ordinarily indicates only one place" and is "easily ascertainable." *Id.* at 137. Indeed, for a court to find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal place of business is the "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 139 n.19).

Specific jurisdiction turns on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine,*

5

*Inc.,* 465 U.S. 770, 775 (1984)). To establish specific jurisdiction over a defendant, a court must find "(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (internal quotations and citations omitted).

## I. **MOTION TO DISMISS**

Plaintiff asserts negligence, statutory products liability, breach of warranty, and supplier liability claims against defendant HAECO Americas. According to HAECO Americas, plaintiff has not met her burden of establishing that the Court has either general or specific jurisdiction over it. Plaintiff argues that she has, in fact, met her *prima facie* burden in establishing that personal jurisdiction exists.

Upon review, the Court finds that plaintiff fails to establish a *prima facie* case of general jurisdiction over HAECO Americas. In her complaint, plaintiff lists HAECO Americas' domicile as North Carolina and alleges that HAECO Americas is "recognized under the laws of the State of Ohio." Plaintiff alleges no facts, however, suggesting that HAECO Americas' principal place of business or state of incorporation is in Ohio. Nor does plaintiff allege that HAECO Americas has such substantial operations in Ohio so as to render the company "essentially at home" in Ohio. Thus, this is not one of the "exceptional cases" in which a court would find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal place of business. *See BNSF Ry. Co.*, 137 S.Ct. at 1558; *Daimler*, 571 U.S. at 139 n.19.

Plaintiff argues that HAECO Americas "has made no meaningful attempt to challenge the [Complaint's] allegations with regard to general jurisdiction.[3]" It is plaintiff's burden, however, to establish personal jurisdiction. *Hutchinson v. Parent*, 2014 WL 198798, \*1 (N.D. Ohio 2014) ("In opposing a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper.") The minimal allegations offered by plaintiff in the Complaint are not enough to establish a *prima facie* case of general jurisdiction.

Plaintiff contends that because "the operational and financial information needed to determine whether general jurisdiction exists is hardly public knowledge, and can be obtained only through discovery," dismissal at this stage of the proceedings would be improper. As an initial matter, a court has the discretion to decide Rule 12(b)(2) motions on the pleadings alone, with or without discovery. *See Carrier Corp.,* 673 F.3d at 449. Moreover, discovery has been ongoing since December 1, 2019. There is nothing preventing plaintiff from discovering where HAECO Americas' principal place of business or state of incorporation is located, or if it has substantial operations in Ohio.

Accordingly, because plaintiff does not allege any facts that suggest HAECO Americas has such substantial operations in Ohio to render it essentially at home in this state, general jurisdiction is lacking.

---

[3] Plaintiff bases this argument on the fact that HAECO Americas's "General Counsel's sworn statement is completely silent with regard to whether and what extent HAECO has been conducting business activities in, or directing such efforts toward, the State of Ohio." The Court notes that HAECO Americas, in support of its motion to dismiss, attached an affidavit from its general counsel, attesting to HAECO Americas' lack of property, offices, and employees in Ohio. The Court did not consider this affidavit. Rather, the Court held plaintiff to her minimal *prima facie* burden.

The Court also finds that plaintiff has failed to establish a *prima facie* case of specific jurisdiction over HAECO Americas. As set forth above, specific jurisdiction requires that a defendant purposefully avail itself of the privilege of acting in the forum and that the cause of action be related to the defendant's activities within the forum. *Schneider*, 669 F.3d at 701. In the Complaint, plaintiff alleges in a conclusory fashion that each defendant "transacted business, entered into contractual relations to supply services or goods, caused tortious injury, and otherwise established minimum contacts in the State of Ohio as defined" by Ohio's long-arm statute.[4] However, these bare legal conclusions, which have no supporting factual basis, do not link any activities HAECO Americas may have conducted in Ohio to the plaintiff's causes of action. *See Maxitrate Tratamento Termico E Controles v. Super Systems, Inc*, 617 F. App'x 406, 408 (6th Cir. 2015) ("Specific jurisdiction, on the other hand, allows a plaintiff to sue a defendant only on claims that arise out of the defendant's activities in the forum state.").

Indeed, the Complaint is devoid of any facts indicating that HAECO Americas directed any activity towards Ohio that was related to the plaintiff's claims. At best, plaintiff alleges that she, an Ohio resident, sustained a foot injury in Nevada from a faulty seat manufactured by HAECO Americas. These alleged facts do not establish that HAECO Americas purposefully availed itself of the privilege of acting in Ohio or that the claims arose from HAECO Americas' contacts with Ohio, or even that the faulty seat was ever in Ohio. Rather, these allegations center

---

[4] Plaintiff argues that even though she "specifically cited" to the language contained in Ohio's long-arm statute, HAECO Americas "has submitted no proof at all with respect to whether and to what extent the company was transacting business and contracting to supply goods and services in Ohio during the relevant time frame." However, as noted above, it is plaintiff's burden, not HAECO Americas, to establish personal jurisdiction.

on plaintiff's status as an Ohio resident. This cannot serve as a basis for specific jurisdiction. *Walden*, 571 U.S. at 285 ("But the plaintiff cannot be the only link between the defendant and the forum.")

Plaintiff relies on a stream of commerce theory to establish that HAECO Americas purposefully availed itself to this Court's jurisdiction by virtue of manufacturing airline seats which could possibly enter Ohio through air travel.[5] The Supreme Court has held that a "forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). However, since *World-Wide Volkswagen*, the Sixth Circuit has adopted a "stream of commerce 'plus' approach," under which "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir.2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) (O'Connor, J.) (plurality op.)). *See also Parker v. Winwood*, 938 F.3d 833, 840-841 (6th Cir. 2019) ("for a defendant to purposely avail himself of the privilege of acting within a forum state, he must do more than merely place a product into the stream of commerce").

Here, plaintiff fails to allege that HAECO Americas did anything more than place its airline seats into the stream of commerce. Plaintiff does not provide any facts to show that

---

[5] In support of this argument, plaintiff cites a handful of state appellate court cases and several federal appellate and district court cases, none of which are from within the Sixth Circuit. Not only do many of these cases predate the Sixth Circuit's *Bridgeport* decision, *infra,* the decisions of these courts are not binding precedent upon this Court.

HAECO Americas markets, advertises, or sells its airline seats in Ohio. Nor does plaintiff allege that HAECO Americas sold its airline seats to Florida-based Spirit Airlines in Ohio. This Court cannot find purposeful availment when the only allegations are that HAECO Americas sold its airline seats to Spirit Airlines and the airline seats may have reached Ohio. *See Bridgeport*, 327 F.3d at 480 (finding no purposeful availment where a defendant sold its product through a distributor and was "merely aware that [its] distributor was likely to market the product in all fifty states"). As such, specific jurisdiction is lacking.

Plaintiff insists that the requirement that the cause of action be related to the defendant's activities within the forum "cannot be read too literally." She argues that because HAECO Americas "could have easily foreseen the prospect for litigation" in Ohio, specific jurisdiction exists. However, "as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach. v. Nicastro*, 564 U.S. 873, 881(2011)(plurality opinion). *See also Bridgeport*, 327 F.3d at 480.

Plaintiff maintains that "the notion that the commercial airline seat manufacturer believed it could never be sued outside its home state is simply implausible." She complains that if the defendants can "only be sued in their 'home' states, then there is no forum available" to her to file her lawsuit. However, plaintiff appears to be conflating specific and general jurisdiction.[6]

---

[6] Indeed, plaintiff argues that HAECO Americas' reliance on the Supreme Court's decisions in *Daimler AG* and *BNSF* are "hardly analogous" and "misplaced." However, both of these cases only involved a discussion of what constitutes general jurisdiction. The Supreme Court did not reach the issue of specific jurisdiction in either of these decisions. *See BNSF Ry. Co.*, 137 S.Ct. at 1552 ("Only the propriety of general personal jurisdiction is at issue here . . . "); *Daimler AG*, 571 U.S. at 133 ("Plaintiffs have never attempted to fit this case into the specific jurisdiction category.") Plaintiff also attempts to distinguish the Supreme Court decisions of *Helicopteros Nacionales de Columbia, S.A. v. Hall*,

The Supreme Court has not held that the only place in which a corporate defendant can be sued is in its "home state." Rather, relevant Supreme Court precedent has held that *general* jurisdiction cannot usually be exerted over a corporate defendant in a forum other than the state of incorporation or principal place of business. *See Daimler AG*, 571 U.S. at 137; *BNSF Ry. Co.*, 137 S.Ct. at 1558.

Plaintiff also argues that specific jurisdiction exists because the seat collapsed on a plane destined for Ohio, the injuries were sustained by an Ohio resident, and the long-term effects of the injury were suffered in Ohio. She observes that Spirit Airlines routinely flies passengers in and out of several cities in Ohio. However, these arguments center on plaintiff's and Spirit Airlines' connections with Ohio. In order for specific jurisdiction to exist over HAECO Americas, it is HAECO Americas, "not the plaintiff and third parties, who must create contacts with the forum state." *Walden,* 571 U.S. at 291.

Finally, plaintiff observes that preliminary discovery has revealed that Brice Manufacturing may have produced the defective seat. She notes that HAECO Americas "holds a 100% interest" in Brice Manufacturing. However, while this discovery may go to the liability of HAECO Americas, it does not establish specific jurisdiction. The Complaint is devoid of any allegations that the manufacturing or production of the seat occurred in Ohio or that the defective seat was ever physically in Ohio at all.

Accordingly, because the Complaint contains no factual allegations that any of the alleged wrongful conduct at issue in this case is related to any activity HAECO Americas may

---

466 U.S. 408 (1984) and *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) from the case *sub judice*. However, both of these cases were also limited to general jurisdiction. *Helicopteros Nacionales de Columbia,* 466 U.S. at 418, n 12; *Goodyear*, 564 U.S. at 923.

have taken in Ohio, specific jurisdiction is lacking.

HAECO Americas also argues that this Court does not have personal jurisdiction under Ohio's long-arm statute. Because this Court finds that the plaintiff fails to satisfy the *prima facie* burden of demonstrating jurisdiction is proper under the Due Process clause, the Court need not analyze whether jurisdiction is proper under Ohio's long-arm statute.[7] *Conn*, 667 F.3d at 711–12 ("Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa.") *See also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721, 724 (6th Cir. 2000) (dismissing for lack of personal jurisdiction solely on Due Process grounds).

Accordingly, because neither general nor specific jurisdiction exists over HAECO Americas, its motion to dismiss must be granted.

## II. PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

While not filed as a separate motion, plaintiff, in her brief in opposition, requests "a period of at least ninety days to conduct jurisdictional discovery and supplement" her response to the Motion to Dismiss. HAECO Americas opposes this request.

A court's "decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary." *Burnshire Development, LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. App'x 425, 434 (6th Cir. 2006). A court does not abuse its discretion in denying a request for discovery when a plaintiff offers absolutely no factual basis for its jurisdictional

---

[7] Plaintiff maintains that this Court has jurisdiction over HAECO Americas under Ohio's long-arm statute. She argues that since she has established jurisdiction "upon at least three separate sections of Ohio's long-arm statute, the requirements of Due Process are no longer an issue." This is incorrect. As discussed *supra*, the requirements for jurisdiction under the Due Process clause are not coterminous with the requirements set forth in Ohio's long-arm statute.

assertions. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

Upon review, the Court denies plaintiff's request. In support of her request, plaintiff asserts that it "would not be surprising to learn that [HAECO Americas] has adopted plans for specifically targeting its products to Ohio, or for complying with this state's laws and regulations." This is entirely speculative on plaintiff's part. She has provided no factual basis to support her conjecture that HAECO Americas may have some connection to Ohio. Where, as here, a plaintiff "offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying discovery." *Swagelok Co. v. Dansk Ventil & Fittings Aps*, 2006 WL 8454625, *1 (N.D. Ohio Mar. 9, 2006) (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc*., 334 F.3d 390, 402 (4th Cir. 2003)). *See also Chrysler Corp*., 643 F.2d at 1239 (affirming district court's order denying leave to conduct jurisdictional discovery where "there [was] no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction").

Plaintiff also maintains that due process "requires" that this Court grant her with "a reasonable opportunity to submit interrogatories and conduct depositions that will reveal the true extent of [HAECO Americas'] connections with Ohio." Discovery has been ongoing since December 1, 2019. Plaintiff has had ample time to investigate and present evidence of the Court's jurisdiction over HAECO Americas. Despite this, plaintiff has made no showing whatsoever that personal jurisdiction exists over HAECO Americas.

Accordingly, the Court denies plaintiff's request for an extension of time to conduct jurisdictional discovery.

**CONCLUSION**

For the foregoing reasons, HAECO America's Motion to Dismiss (Doc. 55) is GRANTED and plaintiff's "Alternative Motion for Extension of Time to Conduct Discovery" (Doc. 57) is DENIED. Accordingly, HAECO Americas is dismissed from this action.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge
Dated: 3/25/20                              Chief Judge